

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**EVAN J. GOTTSTEIN**
*Assistant Corporation Counsel*
(212) 356-2262
egottste@law.nyc.gov

January 12, 2024

**By ECF**
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: <u>Lucas Rijper Greenidge v. McGuire, et al.</u>, 23-CV-6980 (KPF)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney for interested party the City of New York in the above-referenced action.  The City writes to respectfully request a *sua sponte* extension of the defendants' time to respond to the complaint, from January 6, 2024 until February 13, 2024.  This is the first request for a *sua sponte* enlargement of this deadline,[1] and plaintiff consents to this request.

  Plaintiff filed the complaint in this action on August 9, 2023, alleging, *inter alia*, that on August 10, 2020, members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, and fabrication of evidence.  The City was served with the complaint in this matter on August 31, 2023,[2] but plaintiff did not also provide the releases required by Local Rule 83.10(1) with the complaint.  Plaintiff provided a signed § 160.50 release to the

---

[1] This request is belated because the undersigned mistakenly calendared 80 days after plaintiff provided the § 160.50 release for defendants to answer or otherwise respond to the complaint. Upon preparing the instant request, the undersigned realized this oversight as Local Rule 83.10 states that if the § 160.50 release is served on the City after the complaint is first served, the defendant will have 60 days from that date to respond to the complaint.  The undersigned apologizes for this oversight.

[2] Although the City is not a named defendant in this action, Local Rule 83.10 starts the time for any defendant officer to answer once the City is served with the complaint and required releases.

undersigned on November 6, 2023, and he sent the required HIPAA authorization on November 29, 2023.[3]

Before this Office can determine representation and, if representation is assumed, respond to the complaint, in accordance with this Office's obligations under Rule 11 of the Federal Rules of Civil Procedure, this Office needs time to investigate the complaint's allegations to determine representation and prepare a response.  Despite receiving the § 160.50 in November, this Office has not yet received the records of plaintiff's underlying arrest and criminal case at issue in this litigation.  This Office requests a brief extension of time to obtain these records and respond to the complaint.

Additionally, the undersigned was recently notified that the § 160.50 release that plaintiff provided on November 6, 2023, was not filled out completely and it did not contain the same authorizations as the release attached as Exhibit A of Local Rule 83.10.  We have brought this to plaintiff's attention and have requested that he send a new unsealing release in the form required by Local Rule 83.10 with all information filled out.  We apologize for not noticing the deficiency in plaintiff's first release and addressing it with him earlier.  To facilitate this process, plaintiff sent the undersigned some relevant underlying records in his possession earlier this afternoon.

Accordingly, to allow additional time for this Office to obtain the underlying arrest records and also to determine representation for the individual defendants, the City respectfully requests a *sua sponte* extension, from January 6, 2024 until February 13, 2024,[4] for the defendants to respond to the complaint in this matter.

We thank the Court for its consideration of this application.

Respectfully submitted,

*Evan J. Gottstein*          /s/
Evan J. Gottstein
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:      *All Counsel of Record* (Via ECF)

---

[3] According to plaintiff's letter at ECF No. 24, he sent this Office a signed unsealing release on October 26, 2023, but the undersigned only received that release on November 6, 2023.

[4] The undersigned is scheduled to begin trial in another matter pending in this district—*Harris v. City of New York*, Civil Docket No. 20-CV-10864 (LGS)—starting on January 30, 2024, and that trial is expected to conclude by February 5-6, 2024.  The new deadline requested herein would be approximately one week after the *Harris* trial is expected to conclude.