UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LUCAS RIJPER GREENIDGE,

                        Plaintiff,

        -against-

MICHAEL MCGUIRE, SALVATORE PROVENZANO, CARL RORDAMEL, NICOLAOS TJORTJOGLOU, JILLIAN FLANAGAN, MATTHEW MILLER, AND JOHN DOES #1-5,

                        Defendants.

------------------------------------------------------------x

**ANSWER TO COMPLAINT**

23 Civ. 6980 (KPF)

**JURY TRIAL DEMANDED**

        Defendants Michael McGuire, Salvatore Provenzano, Carl Roadarmel, Nicolaos Tjortjoglou, and Matthew Miller,[1] for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

        2. Deny the allegations set forth in the first sentence of paragraph "2" of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph "2" of the Complaint.

        3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff was lawfully tased during the course of his lawful arrest.

---

[1] By letter dated today, defendants request that the Court *sua sponte* extend the time for either (1) plaintiff to file a stipulation of voluntary dismissal of his claims against defendant Jillian Flanagan, or (2) defendant Flanagan to respond to the Complaint, until March 1, 2024.

4. Deny the allegations set forth in the first sentence of paragraph "4" of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph "4" of the Complaint.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that Michael McGuire is an employee of the New York City Police Department.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Salvatore Provenzano is an employee of the New York City Police Department.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Carl Roadarmel was an employee of the New York City Police Department at the time of the incident at issue in this action.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Nicolaos Tjortjoglou is an employee of the New York City Police Department.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Jillian Flanagan is an employee of the New York City Police Department.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that Matthew Miller is an employee of the New York City Police Department.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint as they pertain to unidentified defendants.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit that defendants McGuire, Roadarmel, Tjortjoglou, and Provenzano arrived at 2307 Broadway in response to several 911 calls reporting armed robbery and assault.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint, except admit that plaintiff was not wearing a shirt when police entered 2307 Broadway.

33. Deny the allegations set forth in paragraph "33" of the Complaint, except admit that plaintiff put his hands in the air while walking towards the officers and holding several papers and folders in his hands, and Miles Greenidge complied with orders to get on the ground.

34. Deny the allegations set forth in paragraph "34" of the Complaint, and respectfully refer the Court to the video footage cited therein for an accurate depiction of its contents.

35. Deny the allegations set forth in paragraph "35" of the Complaint, except admit that Officer McGuire lawfully tased plaintiff.

36. Admit the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint, except admit that some of the police officers on scene asked other civilians present about what had happened that prompted them to call 911.

43. Deny the allegations set forth in paragraph "43" of the Complaint, except admit that "officers can only rely on the facts in front of them in making an arrest."

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint, and respectfully refer the Court to the video footage cited therein for an accurate depiction of its contents.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint, except admit that Lucas Rijper-Greenidge and Miles Rijper-Greenidge were arrested on August 10, 2020.

48. Deny the allegations set forth in paragraph "48" of the Complaint, and respectfully refer the Court to the video footage cited therein.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint, and deny knowledge or information sufficient to form a belief as to the allegation about plaintiff contracting COVID-19.

52. Deny the allegations set forth in paragraph "52" of the Complaint, accept admit that plaintiff was transported to Manhattan Central Booking and he was arraigned on one count of robbery in the first degree, which is a class B felony.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "52" of the Complaint, and respectfully refer the Court to the criminal complaint referenced therein for an accurate statement of its contents.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Complaint, except deny the allegation that the charges brought against plaintiff were "outrageous."

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. In response to the allegations set forth in paragraph "63" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. In response to the allegations set forth in paragraph "68" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

69. State that the allegations set forth in paragraph "69" of the Complaint are legal conclusions to which no response is required.

70. State that the allegations set forth in paragraph "70" of the Complaint are legal conclusions to which no response is required.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. In response to the allegations set forth in paragraph "74" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

75. Deny the allegations set forth in paragraph "75" of the Complaint, except admit that plaintiff was lawfully arrested based on probable cause without an arrest warrant.

76. Deny the allegations set forth in paragraph "76" of the Complaint, except admit that plaintiff was lawfully seized and arrested.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the Complaint.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint, except admit that defendants had probable cause to arrest plaintiff.

**AS FOR A FIRST AFFIRMATIVE DEFENSE**:

83. The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A SECOND AFFIRMATIVE DEFENSE:**

84. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendant McGuire, Provenzano, Roadarmel, Tjortjoglou, or Miller.

**AS FOR A THIRD AFFIRMATIVE DEFENSE:**

85. Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has it violated any acts of Congress providing for the protection of civil rights.

**AS FOR A FOURTH AFFIRMATIVE DEFENSE:**

86. Plaintiff provoked any incident.

**AS FOR A FIFTH AFFIRMATIVE DEFENSE:**

87. There was probable cause for plaintiff's arrest, detention, and prosecution.

**AS FOR A SIXTH AFFIRMATIVE DEFENSE:**

88. Defendants McGuire, Provenzano, Roadarmel, Tjortjoglou, and Miller have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS FOR A SEVENTH AFFIRMATIVE DEFENSE:**

89. Defendants McGuire, Provenzano, Roadarmel, Tjortjoglou, and Miller have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**AS FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

90. Plaintiff has failed to mitigate his alleged damages.

**AS FOR A NINTH AFFIRMATIVE DEFENSE:**

91. Defendant Miller had no personal involvement in the incidents alleged in the Complaint.

**WHEREFORE,** defendants McGuire, Provenzano, Roadarmel, Tjortjoglou, and Miller request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated:       New York, New York
               February 13, 2024

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
City of New York
*Attorney for Defendants McGuire, Provenzano, Roadarmel, Tjortjoglou, and Miller*
100 Church Street, Rm. 3-189
New York, New York 10007
(212) 356-2262 | egottste@law.nyc.gov

By:   *Evan J. Gottstein*   /s/
      Evan J. Gottstein
      Assistant Corporation Counsel
      Special Federal Litigation Division

cc:   **By ECF**
      Joel A. Wertheimer, Esq.
      Mara Fleder, Esq.
      *Attorney for Plaintiff*