



THE CITY OF NEW YORK

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**EVAN J. GOTTSTEIN**
*Senior Counsel*
(212) 356-2262
egottste@law.nyc.gov

January 2, 2026

**By ECF**
Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: <u>Lucas Rijper Greenidge v. McGuire, et al.</u>, 23-CV-6980 (KPF)

Your Honor:

   I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney for defendants in the above-referenced action. Defendants write, with plaintiff's consent, to respectfully request an extension of time to file pre-motion submissions, *nunc pro tunc*, from December 26, 2025, until January 16, 2026, and for leave to file up to six pages in defendants' pre-motion letter.

   Pursuant to the Case Management Plan and Scheduling Order in this case, any pre-motion letters for summary judgment motions, and for motions to preclude expert testimony pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), line of cases, are to be filed within 30 days after the completion of the later of fact discovery or expert discovery. *See* ECF No. 38, ¶¶ 13-14. On July 23, 2025, the Court granted the parties' joint request to adjourn *sine die* the pre-motion submissions deadline pending the outcome of a settlement conference with Magistrate Judge Wang. *See* ECF No. 53. The Court also held that, if the parties fail to resolve the matter, then pre-motion submissions would be due within three weeks of the settlement conference. *Id.* The parties appeared for a settlement conference before Judge Wang on November 20, 2025. Although the case did not settle on that date, settlement discussions were left open so that the parties could provide their respective *ex parte* responses to Judge Wang's settlement recommendation by December 5, 2025.

   On December 5, 2025, the parties were advised by Judge Wang's Chambers that the case did not settle. Therefore, defendants' understanding is that the settlement conference officially concluded upon Judge Wang's Chambers notifying the parties that the case did not settle on December 5, such that pre-motion submissions would be due by December 26, 2025. To that end, defendants obtained plaintiff's consent via email on December 9, 2025, for an extension of time until January 2, 2026, to file their pre-motion submissions, and to combine their pre-motion letters

for their anticipated motion for summary judgment and motion to preclude expert testimony into a single letter of up to six pages rather than filing two separate three-page letters. The undersigned recalls uploading a letter setting forth these requests onto ECF on December 12, 2025, adding docket text for the letter motion for an extension of time to file, and I believed that I had clicked "Next" to finalize the filing on ECF; however, upon reviewing the docket sheet again this evening, I realized for the first time that the previous extension letter was never actually entered on ECF. The undersigned does not know if I had closed ECF too early before the letter was finished being entered onto the docket or if I mistakenly closed ECF before clicking "Next" to finalize the filing, but the undersigned offers my sincerest apologies for this error and misunderstanding. A copy of the letter that defendants intended to file on December 12, 2025, is attached as Exhibit "A" for reference.

Although defendants previously intended to file their pre-motion letter(s) by today, defendants now require additional time to file their pre-motion letter(s), due in part to commitments in other matters and in part to significant delays in the undersigned's return travel from vacation earlier in the week. Additionally, the undersigned will be leaving the Law Department after this Monday, January 5, 2026, and the requested extension will also allow the next attorney assigned to this case sufficient time to become familiar with the case file and to finalize and file defendants' pre-motion submissions after the Court rules on the instant request.

Accordingly, defendants respectfully request an extension of time, *nunc pro tunc*, from December 26, 2025, until January 16, 2026, to file pre-motion submissions. Additionally, in lieu of filing separate three-page pre-motion letters for defendants' anticipated motion for summary judgment and motion to preclude plaintiff's experts, defendants respectfully request leave to address both anticipated motions in one letter of up to six pages. Defendants would also have no objection to plaintiff responding to both pre-motion requests in one letter of up to six pages as well.

Defendants thank the Court for its time and consideration of this application.

Respectfully submitted,

*Evan J. Gottstein*          /s/

Evan J. Gottstein
*Senior Counsel*
Special Federal Litigation Division

cc:    *All Counsel of Record* (Via ECF)

2

Application GRANTED.  The Court ADJOURNS *nunc pro tunc* Defendants' deadline to file pre-motion submissions to on or before **January 16, 2026.**  To account for Defendants' anticipated requests for leave to move for summary judgment and to preclude expert testimony, the Court further GRANTS Defendants' request to file a single letter of up to six pages. Plaintiff shall respond on or before **January 21, 2026,** *see* Individual Rule 2(C), and may do so in a letter not to exceed six pages in length.

Understanding that Mr. Gottstein is leaving the New York City Law Department after today, the Court directs him to file a notice of withdrawal and to ensure that another Law Department attorney files a notice of appearance to take his place.

Dated:     January 5, 2026        SO ORDERED.
           New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE